1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    ANTHONY R. DELLING (#81798)
2   CAROLINE L. PLANT (#247358)
    725 South Figueroa Street
3   Suite 2800
    Los Angeles, CA 90017-5406
4   Telephone: (213) 488-7100
    Facsimile: (213) 629-1033
5   anthony.delling@pillsburylaw.com
6   corrie.plant@pillsburylaw.com

7   Attorneys for Defendant XEROX CORPORATION

8

9                 UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

12  HARMIK SARIAN, an Individual,          )   No. 09-9004 CW VBKx
                                           )
13                Plaintiff,               )
                                           )
14        v.                               )   NOTICE OF REMOVAL OF
                                           )   CIVIL ACTION
15  XEROX CORPORATION,                     )
    a New York corporation;                )
16  MARK GESLICKI, an individual, and      )
    DOES 1 through 10, inclusive, Defendants. )
17  _____)

18         To the Honorable Judges of the United States District Court for the

19  Central District of California, to plaintiff Harmik Sarian and to his attorneys of

20  record:

21         PLEASE TAKE NOTICE that defendant Xerox Corporation ("Xerox")

22  hereby removes this action from the Superior Court of California for the

23  County of Los Angeles to the United States District Court for the Central

24  District of California on the basis of diversity jurisdiction under 28 U.S.C.

25  section 1332, pursuant to 28 U.S.C. section 1441(a), (b) and/or (c).  In support

26  of that removal, Xerox alleges as follows.

27

28

1    1.    This action is a civil action over which this District Court has

2 original jurisdiction under 28 U.S.C. section 1332 and which thus may be

3 removed to this Court pursuant to the provisions governing removal contained

4 in 28 U.S.C. section 1441(a), (b) and/or (c), because there exists complete

5 diversity of citizenship between plaintiff on the one hand and the sole

6 remaining named defendant Xerox on the other hand, and because the amount

7 in controversy exceeds $75,000, exclusive of interest and costs.

8    2.    On or about February 20, 2009, Harmik Sarian (hereinafter

9 "plaintiff"), a former employee of Xerox, filed a complaint in the Superior

10 Court of California in and for the County of Los Angeles, captioned "Harmik

11 Sarian vs. Xerox Corporation, Mark Geslicki and Does I through X,

12 inclusive," bearing case number BC408127 (hereinafter referred to as "the

13 action"). The complaint in the action alleges that Xerox wrongfully

14 terminated plaintiff's employment in breach of an alleged contract. The

15 complaint also originally asserted a claim for defamation based on purported

16 disparaging statements by Xerox and one of its employees concerning

17 plaintiff.

18    3.    In addition to suing Xerox, plaintiff's complaint initially named

19 as a defendant an individual employee of Xerox, Mark Geslicki. The

20 complaint named Geslicki as a defendant based solely on the theory that

21 Geslicki had committed defamation against plaintiff. Because Mr. Geslicki at

22 all pertinent times was and is a citizen of the State of California, residing in

23 Los Angeles County, at the time plaintiff filed the action and for almost nine

24 months continuously thereafter (until November 9, 2009), there did not exist

25 complete diversity of citizenship between plaintiff on the one hand and all

26 named defendants on the other hand.

27

28

1    4.     Plaintiff effected service of the summons and complaint upon

2  Xerox on or about March 31, 2009.  A true copy of that summons and

3  complaint is attached hereto as Exhibit A.  On April 24, 2009, Xerox filed its

4  answer to the complaint.  A true copy of that answer is attached hereto as

5  Exhibit B.  On April 17, 2009, Geslicki filed his answer to the complaint.  A

6  true copy of that answer is attached hereto as Exhibit C.

7    5.     On November 9, 2009, by filing a request for dismissal with the

8  Los Angeles County Superior Court, plaintiff voluntarily dismissed the action

9  as against defendant Geslicki.  That request dismissed the lone claim asserted

10  against Geslicki (i.e., for defamation).  As a result of that dismissal, the only

11  remaining named defendant in the action is Xerox.  A true copy of the request

12  for dismissal is attached hereto as Exhibit D.

13    6.     At all pertinent times, including from before the filing of the

14  action continuously through the present, plaintiff was and is a citizen of the

15  State of California, having his permanent residence in Los Angeles County,

16  California.

17    7.     At all pertinent times, including from before the filing of the

18  action continuously through the present, Xerox was and is a corporation

19  incorporated under the laws of the State of New York and having its principal

20  place of business in the State of Connecticut, where for over 30 years Xerox

21  has maintained and continues to maintain its corporate headquarters and where

22  for over 30 years its officers and most of its high ranking executives maintain

23  and have maintained their offices.

24    8.     Because plaintiff is and has been at all pertinent times solely a

25  citizen of the State of California and Xerox is and has been at all pertinent

26  times a citizen solely of the States of New York and Connecticut, there

27  currently exists for purposes of this action complete diversity of citizenship

28

1   between plaintiff on the one hand and Xerox, the only remaining named

2   defendant, on the other hand.

3        9.      Xerox has attached hereto as Exhibits E through K all pleadings

4   and papers thus far filed in the action with the Los Angeles County Superior

5   Court, other than the summons and complaint, answers and request for

6   dismissal already identified and attached as Exhibits A, B, C and D.

7        10.     In this action, plaintiff seeks to recover purported damages

8   arising out of a supposed wrongful termination of his employment which

9   occurred in June 2008.  In connection with his purported wrongful

10  termination, plaintiff seeks to recover both past and future economic injuries

11  consisting of alleged lost wages and benefits.  Since plaintiff prior to his

12  termination earned over $90,000 annually and received fringe benefits worth

13  over $10,000 per year, and since he claims never to have obtained any

14  employment between his termination and the present, his aforedescribed

15  alleged economic losses alone exceed $75,000.  Thus, based on the damages

16  which plaintiff alleges, the amount in controversy in the action exceeds

17  $75,000, exclusive of interest and costs.

18       11.     Because there exists complete diversity of citizenship between

19  plaintiff on the one hand and Xerox on the other hand and because the amount

20  in controversy exceeds $75,000, exclusive of interest and costs, this Court has

21  jurisdiction over the action based on diversity of citizenship within the terms

22  of 28 U.S.C. section 1332.  Therefore, pursuant to 28 U.S.C. section 1441(a),

23  (b) and/or (c), the action may be removed to this Court.

24       12.     Because plaintiff filed the action on February 20, 2009 and

25  because Xerox removed the action on December 8, 2009, within 30 days of

26  November 9, 2009, the date on which the action became removable as a result

27

28

1   of the voluntary dismissal of the action as to Geslicki, the removal of this

2   action is timely.

3        13.    For all the reasons stated above, Xerox hereby requests that the

4   action be removed to this Honorable Court for determination.

5

6        Dated:  December 8, 2009.

7                              PILLSBURY WINTHROP SHAW PITTMAN LLP
                               ANTHONY R. DELLING
8                              CAROLINE L. PLANT

9

10                             By _____

11                                Anthony R. Delling
                                  Attorneys for Defendant
12                                XEROX CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# *Exhibit A*

1   THE LEMMER LAW FIRM
2   Don S. Lemmer (SBN: 139453)
    330 North Brand Boulevard, Ste. 702
3   Glendale, California 91203
    Telephone:  818-507-1053
4   Facsimile:  818-507-1252

5   Attorneys for Plaintiff
    HARMIK SARIAN

**FILED**
Los Angeles Superior Court

FEB 20 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

6

7

8      **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9       **IN AND FOR THE COUNTY OF LOS ANGELES**

10

11  HARMIK SARIAN, an Individual,

12         Plaintiff,

13       v.

14  XEROX CORPORATION,
    a New York corporation;
15  MARK GESLICKI, an individual, and
    DOES 1 through 10, inclusive;
16
         Defendants.

CASE NO.    BC408127

**COMPLAINT FOR DAMAGES FOR:**

1.  **BREACH OF EMPLOYMENT
    CONTRACT; and**

2.  **DEFAMATION (SLANDER), Civ. Code
    § 46(3).**

17

18

19     Plaintiff HARMIK SARIAN ("Sarian" or "Plaintiff") alleges as follows in his Complaint:

20                   **PARTIES AND JURISDICTION**

21     1.   Plaintiff at all relevant times mentioned herein is an individual with a residence in Los

22  Angeles County, California.

23     2.   Plaintiff is informed and believes and therefore alleges that Defendant XEROX

24  CORPORATION. ("XEROX" or "the Company") was at all relevant times a corporation

25  organized under the laws of the State of New York, with an office and place of business in Los

26  Angeles County, California.

27     3.   Plaintiff is informed and believes and therefore alleges that Defendant MARK

28  GESLICKI ("Geslicki") is an individual with a residence in Los Angeles County, California.

---

Complaint for Damages

4.   The names and capacities of the defendants named herein as DOES 1 through 10, inclusive, whether individual, corporation, association or otherwise, are unknown to Plaintiff who therefore sues these defendants by such fictitious names.  Plaintiff will request leave of Court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

5.   Plaintiff is informed and believes and therefore alleges that each of the defendants herein was at all times relevant the agent(s), employee(s) or representative(s) of each remaining defendant and was at all times acting within the scope and purpose of said agency and employment.   Plaintiff further alleges that each defendant has supervised, ratified, controlled, acquiesced in, adopted, directed and/or approved the acts of each remaining defendant.

## PRELIMINARY ALLEGATIONS

### XEROX

6.   XEROX is the world's leading document management technology and services enterprise.  Its corporate headquarters are in Norwalk, Connecticut.  As of December 31, 2007, it had 57,400 employees worldwide, which increased to 58,000 employees by June 30, 2008.  In its internet web site (www.xerox.com), the Company claims that it "strive[s] to build a great workplace" and that "operations are guided by . . . employee-centered core values . . . ."  Relevant excerpts from the web site are attached as Exhibit 1.

7.   With respect to its employees, XEROX does **not** have any policy or practice, either written or unwritten, of treating its employees on an "at-will" employment basis.  Throughout his employment at XEROX, Sarian was never told, either orally or in writing, that Xerox employed its workers on an "at-will" basis.  XEROX's policy, pattern and practice is to terminate employees only "for cause" after completion of a full and complete investigation of the alleged misconduct.  In this regard, XEROX has a written "Governance Policy" on the subject of "Business Ethics & Compliance Office Charter."  The Governance Policy contains an extensive, detailed list of unacceptable employee actions or conduct that would be subject to various levels of discipline.  For example, if an employee engages in a "Conflict of Interest," the penalty guidelines for a first offense range from a "Written Record (may be warning letter, notice of mandatory training or counseling, or documented record of events and corrective action)" to "Discharge."  A copy of this

2

1   Governance Policy is attached as Exhibit 2 (*see* p. 6).

2       8.   With respect to what constitutes a "Conflict of Interest," XEROX's "Code of Conduct,

3   a Handbook for Xerox People" states, in pertinent part, that a conflict of interest would occur if the

4   employee "or a family member has a **significant** financial interest in a company that competes with

5   Xerox." (emphasis added).   A "family member" includes the employee's "spouse, minor children

6   or any other relative or person who lives in your home."   **"Significant financial interest** is one so

7   substantial it could interfere with your ability to act in the best interests of Xerox." (emphasis in

8   text).   A copy of the Code of Conduct is attached as Exhibit 3 (*see* p. 1).

9       9.   In its "Human Resources Manual, Subject:  Business Ethics, Outside Business Interests

10  and Conflict of Interest, No. HR 101.1," XEROX further defines an "Outside Business Interest" as

11  "one in which an employee or an immediate family member is involved as a director, officer,

12  employee, promoter, or consultant, or one in which an employee or an immediate family member

13  has a financial interest.   A 'promoter' is one who, in connection with the founding of a business,

14  makes an investment in such a business in cash, services or property having an aggregate fair

15  market value of $25,000 or more."   A copy of the Human Resources Manual, No. HR 101.1 is

16  attached as Exhibit 4 (*see* p. 1).   Sarian never saw Xerox' Human Resources Manual during his

17  entire employment at Xerox.

18      10.  Xerox' Human Resources Manual also states that it is a Manager's responsibility to

19  "[c]ounsel employees regarding business ethics, conflicts of interest and protection of proprietary

20  information."   (Ex. 4, p. 3).   No Xerox Manager ever counseled Sarian about the Company's

21  conflicts of interest policy while he was employed.

22      11.  Based on XEROX's written policies (Exs. 1-4), as well as oral assurances from

23  Company managers from time to time that XEROX's policy was to terminate employees only "for

24  cause," Sarian reasonably believed that his employment was secure and that he would be subject to

25  termination only "for cause," after a full and complete investigation or any alleged misconduct.

26      12.  XEROX's policy and practice of terminating employees only "for cause" is consistent

27  with the customs, practices or policies in its industry.

28

HARMIK SARIAN

13.  Sarian began work at XEROX on September 30, 1985, as an Associate Member, Engineering Staff.  His starting annual salary was $30,576.  He received a Bachelor of Science degree in Electrical Engineering from California State University, Northridge, in 1979.

14.  Throughout his employment at XEROX, Sarian invariably received above average to excellent annual performance evaluations, annual salary raises, performance monetary awards (including, but not limited to, annual "special recognition" payments and bonuses) and promotions.

15.  During his employment at XEROX, Sarian was continuously praised for the quality and quantity of his work and never received any substantive criticisms or any type of disciplinary actions whatsoever.

16.  When XEROX terminated Sarian, effective June 30, 2008, his title was iGen3 ROS Project Manager, Imager Deliver Center, with a base annual salary of $98,597.02.

XEROX terminates SARIAN.

17.  On or about May 15, 2008, a XEROX employee in its Corporate Security Brand Protection Department called Sarian and said that an investigation had revealed that Sarian was selling XEROX products on the internet auction web site eBay.  Sarian's second level supervisor, Mark Geslicki ("Geslicki"), XEROX' General Manager, IDC, also participated in this conference call.  Sarian admitted that he had an eBay account on which he bought and sold personal items by auction.  Sarian also admitted that he had received some XEROX products, primarily copier cartridges and toner, from his father-in-law, Raymond Rumaya ("Rumaya"), who does not live with Sarian's family.

18.  Rumaya is engaged in the freight consolidation business.  Rumaya received these XEROX products from a supplier who made bulk purchases of electronic parts and supplies from merchants in Dubai and Armenia.  When Rumaya saw that some of the electronic parts and supplies were XEROX products, he asked Sarian if he had any use for them.  Sarian looked at the items and said that he did not have any personal use for them.  As a result, Rumaya asked Sarian if he would sell them for him on eBay.  Rumaya also asked Sarian to sell some extra supplies that he had for his business' XEROX machines, which he had sold when he closed his warehouse in

1   Inglewood. Sarian agreed to try to sell his father-in-law's products through his eBay account.

2      19.   These XEROX products were mostly older or discontinued items (although they were

3   unused, in their original packaging) or refurbished items – products commonly referred to a "gray

4   market" items. Sarian said that he believed he had received less than $2,000.00 from the auctions

5   of these products, the proceeds from which he gave to his father-in-law. Sarian did not have any

6   personal financial interest in the auction sale proceeds of any of these XEROX products.

7      20.   Sarian gave all of this information to XEROX' Corporate Security Investigator and

8   Geslicki during their May 15th conference call. Sarian was not shown any documents during this

9   telephonic interview, either regarding his eBay account or otherwise, except only a confidentiality

10  agreement he was asked to sign at the start of the interview.

11     21.   Upon the conclusion of this conference call, Geslicki told Sarian that he was being

12  suspended immediately for two weeks, so that XEROX could complete its investigation. Geslicki

13  then escorted Sarian to his office and told him to surrender his office keys, XEROX badge and two

14  company credit cards. Geslicki also told him that he should take his personal belongings at that

15  time. Sarian did as he was told. Geslicki's instructions gave Sarian the impression that the

16  decision had already been made to terminate him, despite Geslicki's statement in the conference

17  call that he was just being suspended, pending further investigation into the matter by XEROX.

18     22.   As a result of this telephone call, XEROX suspended Sarian with pay. Sarian was

19  completely surprised and shocked by this action. He wrote a memo to XEROX' Human Resources

20  Department, dated May 17, 2008 (Exhibit 5). Sarian's direct supervisor, Woody Mannisto

21  ("Mannisto"), also wrote a memo on his behalf, detailing Sarian's many contributions to XEROX

22  and requesting that the Company retain Sarian as an employee (Exhibit 6).

23     23.   Nevertheless, on June 27, 2008, XEROX terminated Sarian, effective June 30, 2008.

24  The termination letter states, in pertinent part, that the Company decided to terminate him due to

25  his alleged violation of "Xerox Policy – HR101.1 Business Ethics – Outside Business Interests and

26  Conflict of Interest." A copy of the termination letter is attached as Exhibit 7.

27     24.   Sarian's conduct in selling a few "gray market" XEROX products on an eBay auction

28  on behalf of his father-in-law did not constitute an "Outside Business Interest and Conflict of

1    Interest" as defined in XEROX's own policies (Exs. 2-4).

2                            MARK GESLICKI

3        25.   Mark Geslicki ("Geslicki") is employed by XEROX as its General Manager, IDC.  He

4    was Sarian's second level supervisor, above Mannisto.  Geslicki participated in and approved the

5    decision to terminate Sarian's employment.  Geslicki also signed the termination letter (Ex. 7).

6        26.   After Sarian's termination, Geslicki told other XEROX employees, including, but not

7    limited to, Mannisto and Shariar Vazan ("Vazan"), that Sarian had engaged in a business in

8    competition with XEROX.  Vazan is an engineer in XEROX's Technology Group and is not an

9    employee entitled to know (*i.e.*, in a "need-to-know" group) why XEROX terminated Sarian.

10       27.   Geslicki's statements to Mannisto, Vazan and other XEROX employees that Sarian had

11   engaged in a business in competition was XEROX were false.  However, the employees who heard

12   these statements believed that they were true.

13       28.   Other XEROX employees said that Sarian was terminated because he had been selling

14   stolen XEROX products and/or had been selling a lot of expensive XEROX products.   These

15   statements were also false, although employees and others who heard these statements believed

16   that they were true.

17                          FIRST CAUSE OF ACTION

18              (Breach of Implied Employment Contract against XEROX)

19       29.   Plaintiff repeats and incorporates herein by reference each and every allegation

20   contained in Paragraphs 1-28, above, inclusive, as though fully set forth herein.

21       30.   XEROX and Sarian had an implied employment contract that the Company would not

22   terminate his employment except "for cause" based on (i) XEROX' written policies (Exs. 1-4),

23   (ii) XEROX managers' repeated oral assurances to Sarian during his employment that termination

24   would only be based on "cause," (ii) the customs, practices or policies within XEROX's industry

25   of terminating employees only "for cause," (iii) Sarian's long tenure with the company of over 22

26   years, (iv) Sarian's history of above average or excellent annual performance evaluations,

27   (v) Sarian's history of regular raises, monetary awards, and bonuses, (vi) Sarian's history of

28   promotions, (vii) Sarian's history of receiving regular praise for the quality and quantity of his

                                         6

1  work, and (viii) the fact that Sarian had never before received any significant criticism or any type

2  of discipline during his entire employment at XEROX.

3      31.    XEROX's stated reason for terminating Sarian that his eBay activities constituted an

4  "Outside Business Interest and Conflict of Interest," as defined in XEROX's own policies (Exs. 2-

5  4), was false.   Therefore, XEROX did **not** have "good cause" to terminate Sarian's employment.

6  As a result, XEROX breached its implied employment contract with Sarian that it would terminate

7  him only "for cause."

8      32.   As a result of Defendant XEROX's breach of the Agreement, Sarian has suffered and

9  continues to suffer damages, in the form of lost wages and other employment benefits (including,

10  without limitation, lost salary and bonuses, continued insurance coverage (including health care,

11  long term disability and life insurance) and participation in the Company's pension, 401(k) and

12  stock ownership plans), the exact amount of which will be proven at trial.

13                        SECOND CAUSE OF ACTION

14                (Defamation (Slander) against XEROX and GESLICKI)

15      33.   Plaintiff repeats and incorporates herein by reference each and every allegation

16  contained in Paragraphs 1-28, above, inclusive, as though fully set forth herein.

17      34.   Geslicki's statements to XEROX employees and others that Sarian had engaged in a

18  business in competition with XEROX were false.   However, the people who heard these statements

19  believed that they were true.

20      35.   Geslicki's defamatory statements (slander) directly injured Sarian in his profession, as

21  they resulted in his termination of employment, in violation of Code Civ. Proc. § 46(3).   XEROX

22  ratified Geslicki's defamatory statements when it terminated Sarian's employment.

23      36.   As a result of XEROX's and Geslicki's defamatory statements, Plaintiff has suffered

24  and continues to suffer damages, in the form of lost wages and employee benefits and damages to

25  his reputation, the exact amount of which will be proven at trial.

26      37.   As a proximate result of XEROX's and Geslicki's willful, knowing and intentional

27  slander against Plaintiff, he has suffered and continues to suffer humiliation, emotional distress and

28  mental and physical pain and anguish, all to his damage in a sum according to proof.

Complaint for Damages

38.   XEROX and Geslicki acted for the purpose of causing Plaintiff to suffer financial loss and are guilty of fraud, oppression and/or malice, justifying an award of exemplary and punitive damages, pursuant to California Civil Code § 3294.

WHEREFORE, Plaintiff prays for relief as follows that:

1.    Judgment be entered in Plaintiff's favor against Defendants as to all Causes of Action;

2.    Plaintiff be awarded compensatory damages in an amount according to proof;

3.    Plaintiff be awarded prejudgment interest at the highest applicable legal rate;

4.    Plaintiff be awarded punitive damages as a result of Defendant's willful acts, and

5.    Such other and further relief as the Court finds just and proper.


PLAINTIFF DEMANDS TRIAL BY JURY


Dated:   February 20, 2009          THE LEMMER LAW FIRM


                                    By:   _____
                                            Don S. Lemmer
                                            Attorneys for Plaintiff
                                            HARMIK SARIAN

Complaint for Damages

*Exhibit B*

1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    ANTHONY R. DELLING #81798
2   CAROLINE L. PLANT #247358
    725 South Figueroa Street, Suite 2800
3   Los Angeles, CA 90017-5406
    Telephone: (213) 488-7100
4   Facsimile: (213) 629-1033

5   Attorneys for Defendants
    XEROX CORPORATION and MARK GESLICKI
6

7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 24 2009

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
        SHAUNYA WESLEY

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF LOS ANGELES

10

11  _____

12  HARMIK SARIAN,                    )        No. BC408127
                                      )
13                  Plaintiff,        )        ANSWER OF DEFENDANT XEROX
                                      )        CORPORATION TO PLAINTIFF'S
14          vs.                       )        COMPLAINT
                                      )
15  XEROX CORPORATION, et al.,        )        Judge: Kevin C. Brazile
                                      )
16                  Defendants.       )
                                      )
17  _____

18          Comes now defendant Xerox Corporation ("Xerox"), for itself and no other

19  defendant, and in answer to the unverified complaint filed by plaintiff in this action ("the

20  complaint"), admits, denies and alleges as follows.

21

22                          **GENERAL DENIAL**

23          Pursuant to section 431.30(d) of the Code of Civil Procedure, Xerox denies each

24  and every allegation in the complaint, denies that plaintiff has incurred damages, losses or

25  injuries of any nature, in any sum or sums, or at all, and denies that plaintiff may obtain any

26  relief whatsoever.

27

28

600769059v1                        - 1 -

ANSWER OF DEFENDANT XEROX CORPORATION TO PLAINTIFF'S COMPLAINT

1

## AFFIRMATIVE DEFENSES

2

As separate affirmative defenses to each purported cause of action contained in the

3

complaint, Xerox alleges the following matters.

4

## FIRST AFFIRMATIVE DEFENSE

5

1.     The complaint and each purported claim therein fails to allege facts

6

sufficient to constitute a cause of action.

7

## SECOND AFFIRMATIVE DEFENSE

8

2.     If any contract existed as alleged in the complaint, which Xerox denies,

9

plaintiff breached that purported contract, thereby excusing any performance on the part of

10

Xerox.

11

## THIRD AFFIRMATIVE DEFENSE

12

3.     The statute of limitations, including without limitation that set forth in Code

13

of Civil Procedure section 337(1) and/or in section 339(1), bars in whole or in part

14

plaintiff's purported cause of action for breach of implied contract and/or limits the relief

15

available under that claim.

16

## FOURTH AFFIRMATIVE DEFENSE

17

4.     By not taking reasonable measures to avoid or reduce the supposed losses

18

and injuries described in the complaint, plaintiff has failed to mitigate his alleged damages.

19

## FIFTH AFFIRMATIVE DEFENSE

20

5.     To the extent that plaintiff's own deliberate, reckless and/or negligent

21

conduct caused or contributed to the purported losses and injuries described in the

22

complaint, plaintiff may not recover for those losses/injuries.

23

## SIXTH AFFIRMATIVE DEFENSE

24

6.     By his own acts, statements and omissions, plaintiff voluntarily relinquished

25

in whole or in part any purported right he may have had to recover for some or all of the

26

matters alleged in the complaint, thereby effecting an entire or partial waiver of any claims

27

based on such matters.

28

600769059v1

- 2 -

ANSWER OF DEFENDANT XEROX CORPORATION TO PLAINTIFF'S COMPLAINT



1

### SEVENTH AFFIRMATIVE DEFENSE

2       7.      The doctrine of unclean hands bars the claims asserted in the complaint

3  and/or limits the relief available under those claims.

4

### EIGHTH AFFIRMATIVE DEFENSE

5       8.      Because plaintiff made statements or engaged in conduct related to his

6  purported claims upon which Xerox relied to its detriment, plaintiff is estopped from

7  recovering upon those claims and/or from recovering some or all of the relief sought.

8

### NINTH AFFIRMATIVE DEFENSE

9       9.      To the extent that the purported losses and injuries described in the

10  complaint resulted from conduct of persons or entities other than Xerox, including persons

11  or entities not before the court, plaintiff may not recover for any such losses/injuries.

12

### TENTH AFFIRMATIVE DEFENSE

13      10.     The statute of limitations, including without limitation that set forth in Code

14  of Civil Procedure section 340(c), bars in whole or in part the purported cause of action for

15  defamation and/or limits the relief available under that claim.

16

### ELEVENTH AFFIRMATIVE DEFENSE

17      11.     If the purported remarks underlying plaintiff's defamation claim were made

18  as alleged by plaintiff, which Xerox denies, those purported remarks were true and thus not

19  legally actionable.

20

### TWELFTH AFFIRMATIVE DEFENSE

21      12.     If the purported remarks underlying plaintiff's defamation claim were made

22  as alleged by plaintiff, which Xerox denies, those purported remarks were made to a person

23  interested in them or their subject matter without malice by an interested person, at the

24  request of an interested person and/or by a person in such a relation to the recipient as to

25  afford a reasonable ground for supposing the motive for those purported remarks to be

26  innocent, and thus were privileged under the provisions of Civil Code section 47(c)(1), (2)

27  and/or (3).

28

600769059v1

ANSWER OF DEFENDANT XEROX CORPORATION TO PLAINTIFF'S COMPLAINT

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2      13.     If any contract existed as alleged in the complaint, which Xerox denies, that

3 supposed contract was modified by a written and/or oral agreement so as to extinguish or

4 limit the asserted obligations of Xerox underlying plaintiff's first purported cause of action.

5

## FOURTEENTH AFFIRMATIVE DEFENSE

6      14.     By his own acts, omissions and statements, plaintiff expressly or impliedly

7 consented to some or all of the purported actionable behavior alleged in the complaint.

8

## FIFTEENTH AFFIRMATIVE DEFENSE

9      15.     Under the circumstances of this case, the imposition of punitive damages

10 against Xerox would violate its rights to due process and equal protection of law under the

11 United States and California constitutions.

12

13

## PRAYER FOR RELIEF

14     WHEREFORE, Xerox prays as follows:

15     1.     That this action be dismissed with prejudice;

16     2.     That the Court enter judgment in favor of Xerox and against plaintiff;

17     3.     That Xerox recover its costs of suit incurred herein;

18     4.     For such further relief as the Court deems just and proper.

19

20     Dated: April 24, 2009.

21                        PILLSBURY WINTHROP SHAW PITTMAN LLP
                            ANTHONY R. DELLING

22                        CAROLINE L. PLANT

23

24                        By _____

25                            Attorneys for Defendants
                            XEROX CORPORATION and MARK

26                        GESLICKI

27

28

1    Docket No. BC408127

2    <u>PROOF OF SERVICE</u>

3    I am employed in the City of Los Angeles, State of California, in the office of a

4    member of the bar of this Court, at whose direction the service was made.  I am over the

5    age of eighteen years, and not a party to the within action. My business address is Pillsbury

6    Winthrop Shaw Pittman LLP, 725 South Figueroa Street, Suite 2800, Los Angeles, CA

7    90017-5406.  On April 24, 2009, I served the documents titled <u>ANSWER OF</u>

8    <u>DEFENDANT XEROX CORPORATION TO PLAINTIFF'S COMPLAINT</u> on the parties

9    in this action as follows:

10                          Don S. Lemmer, Esq.
                          The Lemmer Law Firm
11                      330 North Brand Boulevard, Suite 702
                          Glendale, CA  91203
12                      Ph: 818-507-1053  /  Fax:  818-507-1252

13   ☒    **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in
          the United States mail at Los Angeles, CA.  I am readily familiar with the practice of
14        Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence
          for mailing, said practice being that in the ordinary course of business, mail is deposited
15        in the United States Postal Service the same day as it is placed for collection.

16   ☐    **(BY FACSIMILE)** The above-referenced document was transmitted by facsimile
          transmission and the transmission was reported as complete and without error to the
17        numbers listed above.

18   ☐    **(BY EMAIL TRANSMISSION)** The above-referenced document was transmitted via
          electronic transmission to the persons at the electronic-email addresses indicated above.
19
     ☐    **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized
20        by _____ to receive documents to be delivered on the same date.  A proof of service
          signed by the authorized courier will be filed forthwith.
21
     ☐    **(BY OVERNIGHT COURIER)** I am readily familiar with the practice of Pillsbury
22        Winthrop Shaw Pittman LLP for collection and processing of correspondence for
          overnight delivery and know that the document(s) described herein will be deposited in
23        a box or other facility regularly maintained by_____ for overnight delivery.

24        I declare under penalty of perjury that the foregoing is true and correct.  Executed

25   this 24th day of April, 2009, at Los Angeles, California.

26                                                        *Mabel Ng*

27                                              _____
                                                        Mabel Ng
28

600769059v1                          - 5 -

# *Exhibit C*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   ANTHONY R. DELLING #81798
2  CAROLINE L. PLANT #247358
   725 South Figueroa Street, Suite 2800
3  Los Angeles, CA  90017-5406
   Telephone: (213) 488-7100
4  Facsimile: (213) 629-1033

5  Attorneys for Defendants
   XEROX CORPORATION and MARK GESLICKI

6

7

APR 1 7 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
        SHAUNYA WESLEY

8                SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF LOS ANGELES

10

11   _____

12   HARMIK SARIAN,                          )        No. BC408127
                                             )
13                        Plaintiff,         )        ANSWER OF DEFENDANT MARK
                                             )        GESLICKI TO PLAINTIFF'S
14         vs.                               )        COMPLAINT
                                             )
15   XEROX CORPORATION, et al.,              )        Judge:  Kevin C. Brazile
                                             )
16                        Defendants.        )
     _____             )

17

18         Comes now defendant Mark Geslicki ("Geslicki"), for himself and no other

19   defendant, and in answer to the unverified complaint filed by plaintiff in this action ("the

20   complaint"), admits, denies and alleges as follows.

21

22                             **GENERAL DENIAL**

23         Pursuant to section 431.30(d) of the Code of Civil Procedure, Geslicki denies each

24   and every allegation in the complaint, denies that plaintiff has incurred damages, losses or

25   injuries of any nature, in any sum or sums, or at all, and denies that plaintiff may obtain any

26   relief whatsoever.

27

28

600774616v1                            - 1 -

ANSWER OF DEFENDANT MARK GESLICKI TO PLAINTIFF'S COMPLAINT

1

## AFFIRMATIVE DEFENSES

2      As separate affirmative defenses to each purported cause of action asserted against

3    him, Geslicki alleges the following matters.

4                        ## FIRST AFFIRMATIVE DEFENSE

5      1.      The complaint and each purported claim therein, fails to allege facts

6    sufficient to constitute a cause of action.

7                        ## SECOND AFFIRMATIVE DEFENSE

8      2.      By not taking reasonable measures to avoid or reduce the supposed losses

9    and injuries described in the complaint, plaintiff has failed to mitigate his alleged damages.

10                        ## THIRD AFFIRMATIVE DEFENSE

11      3.      To the extent that plaintiff's own deliberate, reckless and/or negligent

12    conduct caused or contributed to the purported losses and injuries described in the

13    complaint, plaintiff may not recover for those losses/injuries.

14                        ## FOURTH AFFIRMATIVE DEFENSE

15      4.      By his own acts, statements and omissions, plaintiff voluntarily relinquished

16    in whole or in part any purported right he may have had to recover for some or all of the

17    matters alleged in the complaint, thereby effecting an entire or partial waiver of any claims

18    based on such matters.

19                        ## FIFTH AFFIRMATIVE DEFENSE

20      5.      The doctrine of unclean hands bars the claims asserted in the complaint

21    and/or limits the relief available under those claims.

22                        ## SIXTH AFFIRMATIVE DEFENSE

23      6.      To the extent that the purported losses and injuries described in the

24    complaint resulted from conduct of persons or entities other than Geslicki, including

25    persons or entities not before the court, plaintiff may not recover for any such

26    losses/injuries.

27

28

600774616v1                                    - 2 -

ANSWER OF DEFENDANT MARK GESLICKI TO PLAINTIFF'S COMPLAINT

1    **SEVENTH AFFIRMATIVE DEFENSE**

2        7.    The statute of limitations, including without limitation that set forth in Code

3    of Civil Procedure section 340(c) bars in whole or in part the purported cause of action for

4    defamation and/or limits the relief available under that claim.

5    **EIGHTH AFFIRMATIVE DEFENSE**

6        8.    If the purported remarks underlying plaintiff's defamation claim were made

7    as alleged by plaintiff, which Geslicki denies, those purported remarks were true and thus

8    not legally actionable.

9    **NINTH AFFIRMATIVE DEFENSE**

10       9.    If the purported remarks underlying plaintiff's defamation claim were made

11   as alleged by plaintiff, which Geslicki denies, those purported remarks were made to a

12   person interested in them or their subject matter without malice by an interested person, at

13   the request of an interested person and/or by a person in such a relation to the recipient as to

14   afford a reasonable ground for supposing the motive for those purported remarks to be

15   innocent, and thus were privileged under the provisions of Civil Code section 47(c)(1), (2)

16   and/or (3).

17   **TENTH AFFIRMATIVE DEFENSE**

18       10.    By his own acts, omissions and statements, plaintiff expressly or impliedly

19   consented to some or all of the purported actionable behavior alleged in the complaint.

20   **ELEVENTH AFFIRMATIVE DEFENSE**

21       11.    Under the circumstances of this case, the imposition of punitive damages

22   against Geslicki would violate his rights to due process and equal protection of law under

23   the United States and California constitutions.

24

25   **PRAYER FOR RELIEF**

26   WHEREFORE, Geslicki prays as follows:

27       1.    That this action be dismissed with prejudice;

28

600774616v1                                    - 3 -

ANSWER OF DEFENDANT MARK GESLICKI TO PLAINTIFF'S COMPLAINT

1     2.     That the Court enter judgment in favor of Geslicki and against plaintiff;

2     3.     That Geslicki recover his costs of suit incurred herein;

3     4.     For such further relief as the Court deems just and proper.

4

5     Dated:  April 17, 2009.

6                     PILLSBURY WINTHROP SHAW PITTMAN LLP

                          ANTHONY R. DELLING

7                     CAROLINE L. PLANT

8

9                     By _____

10                      Attorneys for Defendants

                      XEROX CORPORATION and MARK

11                     GESLICKI

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANT MARK GESLICKI TO PLAINTIFF'S COMPLAINT

1    Docket No. BC408127

2    <u>PROOF OF SERVICE</u>

3        I am employed in the City of Los Angeles, State of California, in the office of a

4    member of the bar of this Court, at whose direction the service was made.  I am over the

5    age of eighteen years, and not a party to the within action. My business address is Pillsbury

6    Winthrop Shaw Pittman LLP, 725 South Figueroa Street, Suite 2800, Los Angeles, CA

7    90017-5406.  On April 17, 2009, I served the documents titled <u>ANSWER OF</u>

8    <u>DEFENDANT MARK GESLICKI TO PLAINTIFF'S COMPLAINT</u> on the parties in this

9    action as follows:

10               Don S. Lemmer, Esq.
                The Lemmer Law Firm

11      330 North Brand Boulevard, Suite 702
              Glendale, CA  91203

12     Ph:  818-507-1053  /  Fax:  818-507-1252

13   ☒   **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in
     the United States mail at Los Angeles, CA.  I am readily familiar with the practice of

14   Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence
     for mailing, said practice being that in the ordinary course of business, mail is deposited

15   in the United States Postal Service the same day as it is placed for collection.

16   ☐   **(BY FACSIMILE)** The above-referenced document was transmitted by facsimile
     transmission and the transmission was reported as complete and without error to the

17   numbers listed above.

18   ☐   **(BY EMAIL TRANSMISSION)** The above-referenced document was transmitted via
     electronic transmission to the persons at the electronic-email addresses indicated above.

19

     ☐   **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized

20   by _____ to receive documents to be delivered on the same date.  A proof of service
     signed by the authorized courier will be filed forthwith.

21

     ☐   **(BY OVERNIGHT COURIER)** I am readily familiar with the practice of Pillsbury

22   Winthrop Shaw Pittman LLP for collection and processing of correspondence for
     overnight delivery and know that the document(s) described herein will be deposited in

23   a box or other facility regularly maintained by_____ for overnight delivery.

24       I declare under penalty of perjury that the foregoing is true and correct.  Executed

25   this 17th day of April, 2009, at Los Angeles, California.

26

27                  _____
                        Irene Hooper

28   600774616v1            - 5 -

ANSWER OF DEFENDANT MARK GESLICKI TO PLAINTIFF'S COMPLAINT

# Exhibit D

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | *FOR COURT USE ONLY* |
|---|---|---|

DON S. LEMMER (sbn 139453)
The Lemmer Law Firm
330 North Brand Boulevard, Ste. 702, Glendale, California 91203

TELEPHONE NO.: 818-507-1053

ATTORNEY FOR *(Name):* Plaintiff HARMIK SARIAN

Insert name of court and name of judicial district and branch court, if any:

LOS ANGELES COUNTY SUPERIOR COURT, Central District

PLAINTIFF/PETITIONER:  HARMIK SARIAN

DEFENDANT/ RESPONDENT:  XEROX CORPORATION, et al.

**RECEIVED**

NOV 1 0 2009

Pillsbury Winthrop Shaw Pittman LLP

**REQUEST FOR DISMISSAL**

- [ ] **Personal Injury, Property Damage, or Wrongful Death**
  - [ ] Motor Vehicle  [ ] Other
- [ ] **Family Law**
- [ ] **Eminent Domain**
- [✓] **Other** *(specify):*  Breach of Contract and Defamation

CASE NUMBER:

BC391500

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [ ] With prejudice   (2) [✓] Without prejudice
   b. (1) [✓] Complaint   (2) [ ] Petition
   (3) [ ] Cross-complaint filed by *(name):*                                   on *(date):*
   (4) [ ] Cross-complaint filed by *(name):*                                   on *(date):*
   (5) [ ] Entire action of all parties and all causes of action
   (6) [✓] Other *(specify):**   Second Cause of Action only

Date:  November 9, 2009

DON S. LEMMER

(TYPE OR PRINT NAME OF  [✓] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ *(signature)*

(SIGNATURE)

Attorney or party without attorney for:
[✓] Plaintiff/Petitioner          [ ] Defendant/Respondent
[ ] Cross - complainant

2. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
   Date:

(TYPE OR PRINT NAME OF  [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint-or Response (Family Law) seeking affirmative relief-is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶

(SIGNATURE)

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner          [ ] Defendant/Respondent
[ ] Cross - complainant

*(To be completed by clerk)*
3. [ ] Dismissal entered as requested on *(date):*
4. [ ] Dismissal entered on *(date):*                          as to only *(name):*
5. [ ] Dismissal **not entered** as requested for the following reasons *(specify):*

6. [ ] a. Attorney or party without attorney notified on *(date):*
       b. Attorney or party without attorney not notified. Filing party failed to provide
          [ ] a copy to conformed [ ] means to return conformed copy

Date:                                    Clerk, by _____ , Deputy

Page 1 of 1

Form Adopted for Mandatory use
Judicial Council of California
CIV-110 [Rev. January 1, 2007]                    **REQUEST FOR DISMISSAL**                    Code of Civil Procedure, § 581 et seq.;
Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

I am an attorney in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 330 North Brand Blvd., Ste. 702, Glendale, California 91203.

On November 10, 2009, I served the foregoing document described as:

**PLAINTIFF'S REQUEST FOR DISMISSAL OF THE SECOND CAUSE OF ACTION**

on the interested parties in this action, at the address listed below, as follows:

**Anthony R. Delling, Esq.**
**Pillsbury Winthrop Shaw Pittman LLP**
**725 South Figueroa Street, Suite 2800**
**Los Angeles, California 90017**

( )     I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business for regular First Class delivery. I know that the envelope was sealed and, with postage thereon fully prepaid for delivery, placed for collection and mailing on this date, following ordinary business practices in the United States mailed at Glendale, California.

( )     By facsimile transmission.

(X)     By personal hand delivery of the above document in a sealed envelope.

(X)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 10, 2009, in Glendale, California.

_____
Don S. Lemmer

# *Exhibit E*

1  THE LEMMER LAW FIRM
   Don S. Lemmer (SBN: 139453)
2  330 North Brand Boulevard, Ste. 702
   Glendale, California 91203
3  Telephone:  818-507-1053
   Facsimile:  818-507-1252

4  Attorneys for Plaintiff
   HARMIK SARIAN
5

6

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 05 2009

John A. Clarke, Executive Officer/Clerk

GLORIETTA ROBINSON, Deputy

7        SUPERIOR COURT OF THE STATE OF CALIFORNIA

8           IN AND FOR THE COUNTY OF LOS ANGELES

9

10

11  HARMIK SARIAN, an Individual,

12           Plaintiff,

13       v.

14  XEROX CORPORATION,
    a New York corporation;
15  MARK GESLICKI, an individual, and
    DOES 1 through 10, inclusive,
16
             Defendants.
17

18

19

CASE NO. BC 408127

Assigned for all purposes to:
HON. KEVIN C. BRAZILE
Dept. 20

PLAINTIFF'S NOTICE OF FILING PROOF
OF SERVICE OF NOTICE OF CASE
MANAGEMENT CONFERENCE and OSC *re*
FILING PROOFS OF SERVICE OF
SUMMONS AND COMPLAINT

Date:  June 15, 2009
Time:  8:30 a.m.
Dept:  20

COMPLAINT FILED:  February 20, 2009
TRIAL DATE:        Not Set

20

21  **TO DEFENDANTS XEROX CORPORATION and MARK GESLICKI and THEIR**

22  **ATTORNEYS OF RECORD:**

23

24       **PLEASE TAKE NOTICE** that Plaintiff HARMIK SARIAN is filing his Proof of Service

25  of the Notice of Case Management Conference ("CMC") and OSC re filing the Proofs of Service

26  of the Summons and Complaint in this case.  Both the CMC and the OSC are set on Monday, June

27  15, 2009, in Department 20.  Copies of the Court's CMC Notice and the OSC are attached hereto.

28

---

NOTICE OF FILING PROOFS OF SERVICE OF CMC AND OSC

1

2  Dated:    March 5, 2009               THE LEMMER LAW FIRM

3

4                                        By: _____

5                                            Don S. Lemmer
                                             Attorneys for Plaintiff
6                                            HARMIK SARIAN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF FILING PROOFS OF SERVICE OF CMC AND OSC

NOTICE SENT TO:

Lemmer, Don S., Esq.
The Lemmer Law Firm
330 North Brand Blvd., Suite 702
Glendale,         CA  91203

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FILE STAMP

MAR 0 2 2009

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

HARMIK SARIAN

                    Plaintiff(s),

      VS.

XEROX CORPORATION ET AL

                    Defendant(s).

| CASE NUMBER |
| --- |
| BC408127 |

**NOTICE OF CASE
MANAGEMENT CONFERENCE**

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for June 15, 2009 at 8:30 am in Dept. 20 at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  March 2, 2009

**KEVIN C. BRAZILE**

_____

                              Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ✓ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[   ] by personally giving the party notice upon filing the complaint.

Date:  March 2, 2009

                                        John A. Clarke, Executive Officer/Clerk

                                        by _____, Deputy Clerk
                                                    CARMEN CORTEZ

LACIV 132 (Rev. 01/07)                                        Cal. Rules of Court, rule 3.720-3.730

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOTICE SENT TO:

Lemmer, Don S., Esq.
The Lemmer Law Firm
330 North Brand Blvd., Suite 702
Glendale,          CA  91203

FILE STAMP

MAR 0 2 2009

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| HARMIK SARIAN | Plaintiff(s), | BC408127 |
| VS. | | |
| XEROX CORPORATION ET AL | Defendant(s). | ORDER TO SHOW CAUSE HEARING |

To the party/attorney of record:

You are ordered to appear for an Order to Show Cause hearing on <u>June 15, 2009</u> at <u>8:30 am</u> in <u>Dept. 20</u> of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file:**

**Proof of Service of Petition/Summons and Complaint/Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:**

**ALL DEFENDANTS**

Failure to comply or appear may result in sanctions, including dismissal of this action, or striking of the pleading pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

To avoid a mandatory appearance, all required documents must be filed in [  ] this Department [  ] Clerk's Office, Room _____ at least 5 days prior to the date of the hearing.

You are ordered to give notice of said hearing forthwith to any party served with the summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office within 5 days of receipt of this order.

Dated:  <u>March 2, 2009</u>

**KEVIN C. BRAZILE**

_____
Judicial Officer

## CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date:  <u>March 2, 2009</u>

John A. Clarke, EXECUTIVE OFFICER/CLERK

By_____ , Deputy Clerk

CARMEN CORTEZ

### ORDER TO SHOW CAUSE HEARING

LACIV 166-1 (Rev. 01/07)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

**PROOF OF SERVICE**

I am an attorney in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 330 North Brand Blvd., Ste. 702, Glendale, California 91203.

On March 5, 2009, I served the foregoing document described as:

**NOTICE OF FILING PROOF OF SERVICE OF NOTICE OF CASE MANAGEMENT CONFERENCE and OSC re FILING PROOF OF SERVICE re SUMMONS AND COMPLAINT**

on the interested parties in this action, at the address listed below, as follows:

**Anthony R. Delling, Esq.**
**Pillsbury Winthrop Shaw Pittman LLP**
**725 South Figueroa Street, Suite 2800**
**Los Angeles, California 90017**

(X)   I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business for regular First Class delivery. I know that the envelope was sealed and, with postage thereon fully prepaid for delivery, placed for collection and mailing on this date, following ordinary business practices in the United States mailed at Glendale, California.

(  )   By facsimile transmission.

(  )   By personal hand delivery of the above document in a sealed envelope.

(X)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 5, 2009, in Glendale, California.

Don S. Lemmer

THE LEMMER LAW FIRM
Don S. Lemmer (SBN: 139453)
330 North Brand Boulevard, Ste. 702
Glendale, California 91203
Telephone:  818-507-1053
Facsimile:  818-507-1252

Attorneys for Plaintiff
HARMIK SARIAN

RECEIVED

APR 1 3 2009

Pillsbury Winthrop Shaw Pittman LLP

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF LOS ANGELES

### CENTRAL DISTRICT

| | |
|---|---|
| HARMIK SARIAN, an Individual,<br><br>    Plaintiff,<br><br>    v.<br><br>XEROX CORPORATION,<br>a New York corporation;<br>MARK GESLICKI, an individual, and<br>DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. BC 408127<br><br>Assigned for all purposes to:<br>HON. KEVIN C. BRAZILE<br>Dept. 20<br><br>**PLAINTIFF HARMIK SARIAN'S NOTICE OF FILING PROOFS OF SERVICE OF THE SUMMONS AND COMPLAINT ON ALL NAMED DEFENDANTS**<br><br>Complaint Filed:  February 20, 2009<br>Trial Date:      None set |

TO THE DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that Plaintiff HARMIK SARIAN is filing the Proofs of Service

of the Summons and Complaint on all named Defendants in the above matter.  Specifically,

attached hereto are the executed Notices and Acknowledgments of Receipt – Civil signed by each

Defendant.

*Exhibit F*

DATED:  April 10, 2009                    THE LEMMER LAW FIRM

By _____
        DON S. LEMMER
        Attorneys for Plaintiff
        HARMIK SARIAN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF's NOTICE OF FILING PROOFS OF SERVICE

**POS-015**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>DON S. LEMMER (sbn 139453)<br>The Lemmer Law Firm<br>330 North Brand Boulevard, Ste. 702<br>Glendale, California 91203<br>　TELEPHONE NO.: 818-507-1053　　FAX NO. *(Optional):* 818-507-1252<br>E-MAIL ADDRESS *(Optional):* dlemmer@lemmerlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff HARMIK SARIAN | **FOR COURT USE ONLY** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES<br>　STREET ADDRESS: 111 North Hill Street<br>　MAILING ADDRESS:<br>　CITY AND ZIP CODE: Los Angeles, CA 90012<br>　BRANCH NAME: Central District |

| | |
|---|---|
| **PLAINTIFF/PETITIONER:** HARMIK SARIAN<br><br>**DEFENDANT/RESPONDENT:** XEROX CORPORATION and MARK GESLICKI | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | **CASE NUMBER:** |

TO *(insert name of party being served):* XEROX CORPORATION

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: February 20, 2009

DON S. LEMMER
　　　　(TYPE OR PRINT NAME)　　　　　　　　　　　　► *(signature)*
　　　　　　　　　　　　　　　　　　　　　　　　(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*

　　Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of
　　Case Assignment, Early Neutral Evaluation Program Notice; Alternative Dispute Resolution
　　Information Package, Dispute Resolution Programs Act Contractors List and Stipulation of
　　Participation in Alternative Dispute Resolution

*(To be completed by recipient):*

Date this form is signed: March 31, 2009
　Xerox Corporation
　William O. Gaylord
　(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
　ON WHOSE BEHALF THIS FORM IS SIGNED)

► *(signature)* William O. Gaylord
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
Assistant General Counsel
Xerox Corporation

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.USCourtForms.com |

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DON S. LEMMER (sbn 139453)<br>The Lemmer Law Firm<br>330 North Brand Boulevard, Ste. 702<br>Glendale, California 91203 | |

TELEPHONE NO.: 818-507-1053   FAX NO. *(Optional)*: 818-507-1252
E-MAIL ADDRESS *(Optional)*: dlemmer@lemmerlaw.com
ATTORNEY FOR *(Name)*: Plaintiff HARMIK SARIAN

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: HARMIK SARIAN

DEFENDANT/RESPONDENT: XEROX CORPORATION and MARK GESLICKI

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: |
|---|---|

TO *(insert name of party being served)*: MARK GESLICKI

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: February 20, 2009

DON S. LEMMER
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*:

   Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, Early Neutral Evaluation Program Notice; Alternative Dispute Resolution Information Package, Dispute Resolution Programs Act Contractors List and Stipulation of Participation in Alternative Dispute Resolution

*(To be completed by recipient)*:

Date this form is signed: March 30, 2009

Mark Geslicki
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.USCourtForms.com

**PROOF OF SERVICE**

        I am an attorney in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 330 North Brand Blvd., Ste. 702, Glendale, California 91203.

        On April 10, 2009, I served the foregoing document described as:

**PLAINTIFF HARMIK SARIAN'S NOTICE OF FILING PROOFS OF SERVICE OF THE SUMMONS AND COMPLAINT ON ALL NAMED DEFENDANTS**

on the interested parties in this action, at the address listed below, as follows:

**Anthony R. Delling, Esq.**
**Pillsbury Winthrop Shaw Pittman LLP**
**725 South Figueroa Street, Suite 2800**
**Los Angeles, California 90017**

(X)     I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business for regular First Class delivery.  I know that the envelope was sealed and, with postage thereon fully prepaid for delivery, placed for collection and mailing on this date, following ordinary business practices in the United States mailed at Glendale, California.

( )     By facsimile transmission.

( )     By personal hand delivery of the above document in a sealed envelope.

(X)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

        Executed on April 10, 2009, in Glendale, California.

Don S. Lemmer

*Exhibit G*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Anthony R. Delling #81798<br>Pillsbury Winthrop Shaw Pittman LLP<br>725 S. Figueroa Street, Suite 2800<br>Los Angeles, CA 90017-5406<br>TELEPHONE NO.: 213-488-7100   FAX NO. (Optional): 213-629-1033<br>E-MAIL ADDRESS (Optional): anthony.delling@pillsburylaw.com<br>ATTORNEY FOR (Name): Defendants Xerox Corporation and Mark Geslicki | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>MAY 2 6 2009<br><br>John A. Clarke, Executive Officer/Cle<br><br>CLORIETTA ROBINSON, Depu' |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS:   111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE:   Los Angeles, California 90012
BRANCH NAME:   Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Harmik Sarian

DEFENDANT/RESPONDENT: Xerox Corporation, et al.

| | CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|---|
| (Check one):  ☒ | **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | BC408127 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: June 15, 2009          Time: 8:30 a.m.          Dept.: 20          Div.:          Room:

Address of court (if different from the address above):

☐      **Notice of Intent to Appear by Telephone, by** (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.   **Party or parties** (answer one):
  a.  ☒      This statement is submitted by party (name): Defendants Xerox Corporation and Mark Geslicki
  b.  ☐      This statement is submitted **jointly** by parties (names):

2.   **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
  a.      The complaint was filed on (date):
  b.  ☐      The cross-complaint, if any, was filed on (date):

3.   **Service** (to be answered by plaintiffs and cross-complainants only)
  a.  ☐      All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed,
  b.  ☐      The following parties named in the complaint or cross-complaint
      (1)  ☐      have not been served (specify names and explain why not):

      (2)  ☐      have been served but have not appeared and have not been dismissed (specify names):

      (3)  ☐      have had a default entered against them (specify names):

  c.  ☐      The following additional parties may be added (specify names, nature of involvement in case, and the date by which
          they may be served):

4.   **Description of case**
  a.      Type of case in   ☒   complaint      ☐   cross-complaint      (Describe, including causes of action):
          Plaintiff asserts purported causes of action for breach of implied contract and defamation against his former
          employer and second level supervisor.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]      **CASE MANAGEMENT STATEMENT**      American LegalNet, Inc.
www.FormsWorkflow.com      Page 1 of 4
Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

CM-110

| PLAINTIFF/PETITIONER: Harmik Sarian | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Xerox Corporation, et al. | BC408127 |

4.   b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff alleges that he had an implied contract which provided that Xerox could terminate his employment only for cause, and that Xerox breached that contract by discharging him in June 2008. Plaintiff further alleges that Xerox and its employee Mark Geslicki defamed him by telling persons that plaintiff had been fired for selling stolen goods. Xerox denies that plaintiff had any supposed implied contract to terminate only for cause and in any event contends it had legally sufficient reason to discharge him based on its conclusion that he had sold Xerox products in violation of the Company's conflict of interest policy. As for the defamation claim, Xerox and Geslicki deny making the statements ascribed to them and contend that any such purported statements were true and/or privileged.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☒ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
February 2010  -  Counsel for defendants has a trial in another matter

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☒   days *(specify number):* Five
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
a.   Counsel   ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.   ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.   ☐   The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: Harmik Sarian | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Xerox Corporation, et al. | BC408127 |

10. d.   The party or parties are willing to participate in *(check all that apply)*:

   (1)  ☒  Mediation

   (2)  ☐  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

   (3)  ☐  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

   (4)  ☐  Binding judicial arbitration

   (5)  ☐  Binding private arbitration

   (6)  ☐  Neutral case evaluation

   (7)  ☐  Other *(specify)*:

  e.  ☐  This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f.  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g.  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11.   Settlement conference**

  ☐  The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12.  Insurance**

  a.  ☐  Insurance carrier, if any, for party filing this statement *(name)*:

  b.  Reservation of rights:   ☐ Yes   ☐ No

  c.  ☐  Coverage issues will significantly affect resolution of this case *(explain)*:

**13.  Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy      ☐ Other *(specify)*:

Status:

**14.  Related cases, consolidation, and coordination**

  a.  ☐  There are companion, underlying, or related cases.

     (1) Name of case:

     (2) Name of court:

     (3) Case number:

     (4) Status:

    ☐  Additional cases are described in Attachment 14a.

  b.  ☐  A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party)*:

**15.  Bifurcation**

  ☐  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16.  Other motions**

  ☒  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:
Xerox Corporation - Motion for summary judgment/summary adjudication
Mark Geslicki - Motion for summary judgment/summary adjudication

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: Harmik Sarian | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Xerox Corporation, et al. | BC408127 |

**17. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Xerox Corporation | Nonparty depositions | October 2009 |
| Xerox Corporation | Contention Interrogatories | October 2009 |
| Plaintiff | Depositions of Xerox personnel | November 2009 |
| Plaintiff | Written Discovery | July 2009 |

    c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**

    a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):* 9, 11, 12, 13, 14, 15, 18.

**21.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 20, 2009

Anthony R. Delling
_____
       (TYPE OR PRINT NAME)

► _____
       (SIGNATURE OF PARTY OR ATTORNEY)

_____
       (TYPE OR PRINT NAME)

► _____
       (SIGNATURE OF PARTY OR ATTORNEY)

    ☐ Additional signatures are attached.

American LegalNet, Inc.
www.FormsWorkflow.com

1                            Docket No. BC408127

2                         <u>PROOF OF SERVICE</u>

3       I am employed in the City of Los Angeles, State of California, in the office of a

4 member of the bar of this Court, at whose direction the service was made.  I am over the

5 age of eighteen years, and not a party to the within action. My business address is Pillsbury

6 Winthrop Shaw Pittman LLP, 725 South Figueroa Street, Suite 2800, Los Angeles, CA

7 90017-5406.  On May 26, 2009, I served the documents titled **CASE MANAGEMENT**

8 **STATEMENT** on the parties in this action as follows:

9                      Don S. Lemmer, Esq.
                      The Lemmer Law Firm
10            330 North Brand Boulevard, Suite 702
                    Glendale, CA  91203
11        Ph:  818-507-1053  /  Fax:  818-507-1252

12  ☒  **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in
        the United States mail at Los Angeles, CA.  I am readily familiar with the practice of
13       Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence
        for mailing, said practice being that in the ordinary course of business, mail is deposited
14      in the United States Postal Service the same day as it is placed for collection.

15  ☐  **(BY FACSIMILE)** The above-referenced document was transmitted by facsimile
        transmission and the transmission was reported as complete and without error to the
16      numbers listed above.

17  ☐  **(BY EMAIL TRANSMISSION)** The above-referenced document was transmitted via
        electronic transmission to the persons at the electronic-email addresses indicated above.
18

    ☐  **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized
19      by _____ to receive documents to be delivered on the same date.  A proof of service
        signed by the authorized courier will be filed forthwith.
20

    ☐  **(BY OVERNIGHT COURIER)** I am readily familiar with the practice of Pillsbury
21      Winthrop Shaw Pittman LLP for collection and processing of correspondence for
        overnight delivery and know that the document(s) described herein will be deposited in
22      a box or other facility regularly maintained by_____ for overnight delivery.

23       I declare under penalty of perjury that the foregoing is true and correct.  Executed

24 this 26th day of May, 2009, at Los Angeles, California.

25                              _____
                                  Irene Hooper
26

27

28

# *Exhibit H*

**RECEIVED**

CM-110

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Plaintiff ~~GIAN-MARCO-MASONI~~ HARMIK SARIAN<br>DON S. LEMMER, Esq. (sbn 139453)<br>The Lemmer Law Firm<br>330 North Brand Boulevard, Ste. 702, Glendale, California 91203<br>TELEPHONE NO.: 818-507-1053    FAX NO. *(Optional):* 818-507-1252<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | **FOR COURT USE ONLY**<br>MAY 29 2009<br>Pillsbury Winthrop Shaw Pittman<br>**CONFORMED COPY**<br>OF ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 28 2009<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>RUGENA LOPEZ |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: HARMIK SARIAN
DEFENDANT/RESPONDENT: XEROX CORPORATION & MARK GESLICKI

| **CASE MANAGEMENT STATEMENT** | | **CASE NUMBER:** |
|---|---|---|
| **(Check one):** [✓] **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) | [ ] **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | BC408127 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: June 15, 2009    Time: 8:30 a.m.    Dept.: 20    Div.:    Room:

Address of court *(if different from the address above):*

[ ] Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [✓] This statement is submitted by party *(name):* Plaintiff HARMIK SARIAN
   b. [ ] This statement is submitted **jointly** by parties *(names):* Defendant XEROX CORPORATION

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* February 20, 2009
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [✓] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in [✓] complaint [ ] cross-complaint *(Describe, including causes of action):*

   Breach of implied employment contract to be terminated only for good cause (First Cause of Action) and defamation (Second Cause of Action)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4
Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com



CM-110

| PLAINTIFF/PETITIONER: HARMIK SARIAN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: XEROX CORPORATION & MARK GESLICK | BC408127 |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff worked for Defendant Xerox Corp. for over 27 years as an engineer. Xerox has a practice and policy of only terminating employees for good cause. It terminated him in June 2008 on false claims that he engaged in a conflict of interest with the Company. Thereafter, Defendants defamed Plaintiff by making false statements about him such as, e.g., he had engaged in a conflict of interest and sold stolen Xerox products. Plaintiff claims lost wages in an unknown amount (to be calculated during discovery), plus emotional distress damages, punitive damages, pre- and post-judgment interest and costs.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*
Plaintiff.

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☑   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☑ days *(specify number):* 5-7
b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
a.   Counsel   ☑ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.   ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.   ☐   The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: HARMIK SARIAN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: XEROX CORPORATION & MARK GESLICKI | BC408127 |

10. d.    The party or parties are willing to participate in *(check all that apply):*

   (1) ☑ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify):*

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
   ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes   ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy   ☐ Other *(specify):*
   Status:

**14. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 14a.
   b. ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

**15. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: HARMIK SARIAN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: XEROX CORPORATION & MARK GESLICKI | BC408127 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| <u>Party</u> | <u>Description</u> | <u>Date</u> |
|---|---|---|
| Plaintiff | Document Demands & Interrogatories | 10/2009 |
| Plaintiff | Depositions (possibly in New York State) | 11/2009 |
| Defendants | Written Discovery | 10/2009 |
| Defendants | Non-Party Depositions | 10/2009 |

c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):* 9, 11, 12, 13, 14, 15, 18

21. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 28, 2009

Don S. Lemmer
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. January 1, 2009]     **CASE MANAGEMENT STATEMENT**     Page 4 of 4

## PROOF OF SERVICE

I am an attorney in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 330 North Brand Blvd., Ste. 702, Glendale, California 91203.

On May 28, 2009, I served the foregoing document described as:

## PLAINTIFF'S CASE MANAGEMENT STATEMENT

on the interested parties in this action, at the address listed below, as follows:

**Anthony R. Delling, Esq.**
**Pillsbury Winthrop Shaw Pittman LLP**
**725 South Figueroa Street, Suite 2800**
**Los Angeles, California 90017**

(X)   I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business for regular First Class delivery. I know that the envelope was sealed and, with postage thereon fully prepaid for delivery, placed for collection and mailing on this date, following ordinary business practices in the United States mailed at Glendale, California.

( )   By facsimile transmission.

( )   By personal hand delivery of the above document in a sealed envelope.

(X)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 28, 2009, in Glendale, California.

_____
Don S. Lemmer

# *Exhibit I*

1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   ANTHONY R. DELLING #81798
2  725 South Figueroa Street, Suite 2800
   Los Angeles, CA 90017-5406
3  Telephone: (213) 488-7100
   Facsimile: (213) 629-1033
4
   Attorneys for Defendants
5  XEROX CORPORATION and MARK GESLICKI
6
7

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**JUL 0 9 2009**

~~hn A. Clarke, Executive Officer/Cle

_____, Dept.
GLORIETTA ROBINSON

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF LOS ANGELES

10

11  _____

12  HARMIK SARIAN,                    )        No. BC408127
                                       )
13                    Plaintiff,       )        NOTICE OF PROCEEDINGS AT CASE
                                       )        MANAGEMENT CONFERENCE
14       vs.                           )
                                       )
15  XEROX CORPORATION, et al.,         )        Honorable Kevin C. Brazile
                                       )
16                    Defendants.      )
                                       )
17  _____  )

18        On July 7, 2009, the Court, the Honorable Kevin Brazile presiding, conducted a

19  case management conference in this action. Don Lemmer appeared for plaintiff; Anthony

20  Delling appeared for defendants. The Court ordered that the parties conduct a private

21  mediation and established a mediation completion date of January 14, 2010. The Court also

22  scheduled a trial setting conference for January 28, 2010 at 8:30 am in Department 20.

23  Dated: July 8, 2009.

                             PILLSBURY WINTHROP SHAW PITTMAN LLP
24                           ANTHONY R. DELLING

25

26                           By _____

27                                Attorneys for Defendants
                                  XEROX CORPORATION and MARK
28                                GESLICKI

600829330v1                              - 1 -
NOTICE OF PROCEEDINGS AT CASE MANAGEMENT CONFERENCE

1                            Docket No. BC408127

2                            <u>PROOF OF SERVICE</u>

3         I am employed in the City of Los Angeles, State of California, in the office of a

4  member of the bar of this Court, at whose direction the service was made.  I am over the

5  age of eighteen years, and not a party to the within action. My business address is Pillsbury

6  Winthrop Shaw Pittman LLP, 725 South Figueroa Street, Suite 2800, Los Angeles, CA

7  90017-5406.  On July 9 , 2009, I served the documents titled NOTICE OF

8  PROCEEDINGS AT CASE MANAGEMENT CONFERENCE on the parties in this action

9  as follows:

10                      Don S. Lemmer, Esq.
                        The Lemmer Law Firm
11            330 North Brand Boulevard, Suite 702
                     Glendale, CA  91203
12        Ph: 818-507-1053 / Fax: 818-507-1252

13  ☒     **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in
             the United States mail at Los Angeles, CA.  I am readily familiar with the practice of
14         Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence
             for mailing, said practice being that in the ordinary course of business, mail is deposited
15         in the United States Postal Service the same day as it is placed for collection.

16  ☐     **(BY FACSIMILE)** The above-referenced document was transmitted by facsimile
             transmission and the transmission was reported as complete and without error to the
17         numbers listed above.

18  ☐     **(BY EMAIL TRANSMISSION)** The above-referenced document was transmitted via
             electronic transmission to the persons at the electronic-email addresses indicated above.
19

20  ☐     **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized
             by _____ to receive documents to be delivered on the same date.  A proof of service
21         signed by the authorized courier will be filed forthwith.

22  ☐     **(BY OVERNIGHT COURIER)** I am readily familiar with the practice of Pillsbury
             Winthrop Shaw Pittman LLP for collection and processing of correspondence for
             overnight delivery and know that the document(s) described herein will be deposited in
23         a box or other facility regularly maintained by_____ for overnight delivery.

24         I declare under penalty of perjury that the foregoing is true and correct.  Executed

25  this 9 th day of July, 2009, at Los Angeles, California.

26

27                                      Irene Hooper
                                     Irene Hooper

28

NOTICE OF PROCEEDINGS AT CASE MANAGEMENT CONFERENCE

# *Exhibit J*



1    PILLSBURY WINTHROP SHAW PITTMAN LLP
      ANTHONY R. DELLING #81798
2    725 South Figueroa Street, Suite 2800
      Los Angeles, CA 90017-5406
3    Telephone: (213) 488-7100
      Facsimile: (213) 629-1033
4

5    Attorneys for Defendants
      XEROX CORPORATION and MARK GESLICKI

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 16 2009

John A. Clarke, Executive Officer/Clerk

_____, Deputy
GLORIETTA ROBINSON

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               COUNTY OF LOS ANGELES

10

11

12    HARMIK SARIAN,               )
                                )

13                 Plaintiff,    )

14      vs.                        )

15    XEROX CORPORATION, et al.,    )

16               Defendants.    )

No. BC408127

**NOTICE OF ORDER TO SHOW CAUSE
RE FAILURE TO APPEAR AT CASE
MANAGEMENT CONFERENCE AND
RESCHEDULED CASE MANAGEMENT
CONFERENCE**

Date: July 7, 2009
Time: 8:30 A.M.
Dept: 20

Honorable Kevin C. Brazile

17

18

19

20

21

22

23       TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

24        Please take notice that on June 15, 2009, in Department 20 of the above-entitled

25   Court, the Honorable Judge Kevin Brazile issued an Order to Show Cause regarding

26   plaintiff's failure to appear at the case management conference scheduled for that date. The

27

28

600816175v1                    - 1 -

1    Court set a hearing on the aforesaid order to show cause and a further case management

2    conference for July 7, 2009 at 8:30 a.m. in Department 20.

3

4    Dated:  June 16, 2009.

5

6                                          PILLSBURY WINTHROP SHAW PITTMAN LLP
                                           ANTHONY R. DELLING
7

8                                          By _____

9
                                               Attorneys for Defendants
10                                             XEROX CORPORATION and MARK
                                               GESLICKI
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF OSC RE FAILURE TO APPEAR AT CMC AND RESCHEDULED CASE MANAGEMENT
CONFERENCE

1                             Docket No. BC408127

2                              <u>PROOF OF SERVICE</u>

3        I am employed in the City of Los Angeles, State of California, in the office of a

4  member of the bar of this Court, at whose direction the service was made.  I am over the

5  age of eighteen years, and not a party to the within action. My business address is Pillsbury

6  Winthrop Shaw Pittman LLP, 725 South Figueroa Street, Suite 2800, Los Angeles, CA

7  90017-5406.  On June 16, 2009, I served the documents titled NOTICE OF ORDER TO

8  SHOW CAUSE RE FAILURE TO APPEAR AT CASE MANAGEMENT CONFERENCE

9  AND RESCHEDULED CASE MANAGEMENT CONFERENCE on the parties in this

10  action as follows:

11                           Don S. Lemmer, Esq.
                             The Lemmer Law Firm
12             330 North Brand Boulevard, Suite 702
                          Glendale, CA  91203
13          Ph:  818-507-1053  /  Fax:  818-507-1252

14  ☒   **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in
          the United States mail at Los Angeles, CA.  I am readily familiar with the practice of
15         Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence
          for mailing, said practice being that in the ordinary course of business, mail is deposited
16       in the United States Postal Service the same day as it is placed for collection.

17  ☐   **(BY FACSIMILE)** The above-referenced document was transmitted by facsimile
          transmission and the transmission was reported as complete and without error to the
18       numbers listed above.

19  ☐   **(BY EMAIL TRANSMISSION)** The above-referenced document was transmitted via
          electronic transmission to the persons at the electronic-email addresses indicated above.
20
      ☐   **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized
21       by _____ to receive documents to be delivered on the same date.  A proof of service
          signed by the authorized courier will be filed forthwith.
22
      ☐   **(BY OVERNIGHT COURIER)** I am readily familiar with the practice of Pillsbury
23       Winthrop Shaw Pittman LLP for collection and processing of correspondence for
          overnight delivery and know that the document(s) described herein will be deposited in
24       a box or other facility regularly maintained by_____ for overnight delivery.

25

26

27

28

G00816175v1                           - 3 -

1          I declare under penalty of perjury that the foregoing is true and correct.  Executed

2    this 16th day of June, 2009, at Los Angeles, California.

3

4                                                    _____
                                                         Irene Hooper
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF OSC RE FAILURE TO APPEAR AT CMC AND RESCHEDULED CASE MANAGEMENT
CONFERENCE

# *Exhibit K*

1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   ANTHONY R. DELLING #81798
2  725 South Figueroa Street, Suite 2800
   Los Angeles, CA  90017-5406
3  Telephone: (213) 488-7100
   Facsimile: (213) 629-1033
4
   Attorneys for Defendants
5  XEROX CORPORATION and MARK GESLICKI
6
7
8              SUPERIOR COURT OF CALIFORNIA
9               COUNTY OF LOS ANGELES
10
11  _____
12  HARMIK SARIAN,                      )     No. BC408127
                                        )
13                        Plaintiff,    )  STIPULATION FOR PROTECTIVE
                                        )  ORDER AND ORDER THEREON
14        vs.                           )
                                        )
15  XEROX CORPORATION, et al.,          )
                                        )
16                        Defendants.   )
17  _____    )
18
19        Through their respective attorneys of record, plaintiff Harmik Sarian and defendants
20  Xerox Corporation and Mark Geslicki hereby stipulate to the following protective order for
21  the purpose of preventing unnecessary disclosure or inappropriate use of confidential,
22  business sensitive, proprietary and/or trade secret information contained in certain
23  documents, deposition testimony or discovery responses provided by any party during the
24  course of this lawsuit.
25        1.    During this action, one or more parties may produce certain documents,
26  provide written discovery responses and/or provide or elicit deposition testimony
27  containing confidential, business sensitive, proprietary and/or trade secret information,
28

600811536v1                            - 1 -

STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON

1    including but not limited to, information concerning the development or manufacture of

2    Xerox products, internal Xerox policies and procedures, compensation data and formulas,

3    employee benefits, nonpublic financial data, and sales or marketing plans or strategies

4    (hereinafter collectively referred to as "Confidential Information").

5        2.    With respect to any document produced by a party which that party or its

6    counsel in good faith believes contains Confidential Information, that party or its counsel

7    may stamp or otherwise label that document with the word "Confidential" prior to or

8    concurrently with its production, which shall render that document and all of the

9    information contained in it subject to this protective order.  Stamping or otherwise marking

10   "Confidential" on the first page of any multipage document shall automatically designate

11   all pages of the document as confidential, unless otherwise expressly indicated by the party

12   producing that document.  With respect to written discovery responses provided by a party

13   which that party or its counsel in good faith believes contains Confidential Information,

14   either that party or its counsel may designate a particular response as containing such

15   information by stamping or otherwise marking the word "Confidential" on the page or

16   pages containing that discovery response or by explicitly and conspicuously stating within

17   the response itself that the information contained therein is confidential and subject to a

18   protective order.  Either of those designations shall render that entire response subject to

19   this protective order.  This section shall also apply to any documents and/or discovery

20   responses furnished by any party or its counsel prior to the date of this stipulation.

21       3.    At any deposition in this action, a party and/or its counsel may in good faith

22   designate particular testimony containing Confidential Information as confidential and

23   therefore subject to the terms of this protective order.  In the event a party or its counsel

24   makes such a designation, the court reporter shall on each page of the transcript containing

25   such designated testimony include the statement "Confidential – Subject To Protective

26   Order."  All deposition testimony of a witness which is designated "Confidential" shall be

27   contained in a separate but consecutively paginated transcript, the first page of which shall

28   bear a conspicuous legend "Confidential – Subject To Protective Order."  Any deposition

     exhibits bearing a "Confidential" legend shall be attached to that separate transcript.

STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON

4.     If a party or its/his counsel during discovery produces matter or information stored on electronic media, such as a computer disk, hard drive, flash drive or memory card, that party/counsel may designate that matter/information as "Confidential" either by affixing a label to such media or its container bearing the word "Confidential" or by an appropriate cover letter accompanying the production of that media.

5.     Any document, information or testimony designated as "Confidential" in accordance with paragraphs 2, 3 and/or 4 above shall not at any time be used for any purpose whatsoever other than in connection with the prosecution or defense of this lawsuit. Moreover, any such document/information/testimony shall never be delivered, exhibited, furnished or disclosed in whole or in part to any person, firm, entity or organization except to (a) counsel of record for the parties in this action; (b) persons regularly employed by the law firm representing plaintiff and/or the law firm representing defendants; (c) court reporters transcribing testimony of witnesses in this action; (d) court personnel in connection with the performance of their responsibilities relative to this action; (e) expert witnesses and consultants retained for the purpose of assisting counsel for a party in defending or prosecuting this action; (f) one or more of the parties themselves; or (g) a witness at deposition, but only if he/she both (i) agrees on the record at that deposition to be bound by this order and (ii) either authored the document or information in question or has a need to know or be shown the document or information in the course of providing testimony.  However, nothing herein shall in any way limit a party's ability to use or disclose documents/information/testimony which that party itself or its own counsel has designated "Confidential."

6.     Any person to whom delivery, exhibition or disclosure is made of any document, information or testimony described in paragraphs 2, 3 or 4 above shall be subject to all provisions of this protective order.  Prior to delivery, exhibition or disclosure of covered documents/information/testimony to the persons qualified to receive it/them under paragraph 5, counsel for the party making such disclosure shall provide each such person a copy of the protective order and shall secure from that person a signed confidentiality

STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON

1   acknowledgement in the form attached hereto as Exhibit A.  That acknowledgement shall

2   state that the person receiving or seeing the covered document/information/testimony has

3   read this order, that he/she may not and shall not divulge any document, information or

4   testimony designated confidential except in strict accordance with the terms and conditions

5   of this order and that he/she will not utilize any document, information or testimony

6   designated "Confidential" for any purpose other than in connection with the prosecution or

7   defense of this lawsuit.  All originals of signed confidentiality acknowledgements shall be

8   maintained by counsel for the party who made the disclosure and shall be made available to

9   the producing party's counsel upon reasonable request.  However, nothing herein shall

10  require a disclosing party or its counsel to obtain a signed confidentiality acknowledgement

11  prior to presenting documents/information/testimony designated confidential to witnesses at

12  either trial or during a deposition.

13       7.     Any party or counsel who files or intends to file a paper or other document

14  with the Court which reflects, contains or includes any document/information/testimony

15  designated as "Confidential" by an opposing party or that party's counsel pursuant to the

16  terms of this protective order, including any copies, reproductions, abstracts, summaries or

17  quotations of or from such document/information/testimony, shall make an application or

18  motion to the judge to whom the papers are directed to have that particular

19  document/information/testimony filed under seal, or in the alternative shall obtain

20  permission in writing from the other party's counsel to instead conspicuously label all

21  pages of the document itself as "Confidential – Subject to Protective Order" prior to its

22  actual filing.

23       8.     Any party may bring an appropriate motion upon regular notice before the

24  Court to have a "Confidential" designation of a document/information/testimony lifted or

25  amended in whole or in part, or to determine whether the use or disclosure of such

26  document/information/testimony should be restricted other than in accordance with this

27  protective order.  Furthermore, nothing herein shall affect any party's right to make a

28  formal motion upon regular notice to the Court for a protective order pursuant to the Code

STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON

1    of Civil Procedure and this Court's Local Rules with regard to any discovery device or

2    particular document/information/testimony, including for the purpose of seeking

3    restrictions on the use or disclosure of Confidential Information greater than those specified

4    herein, including an "Attorney's Eyes Only" designation.

5           9.     Within sixty (60) days after the final termination of this action, including

6    any appeals, the parties and their counsel shall either (1) return all materials designated

7    confidential, together with any and all copies, summaries and excerpts thereof, to counsel

8    for the party producing or designating such materials or (2) destroy all such materials and

9    copies, summaries and excerpts thereof and certify in writing to the counsel for the party

10   producing or designating such materials that they have been destroyed.  In accordance with

11   this paragraph, the parties and their counsel shall also return to counsel or destroy all

12   extracts or summaries of any documents/information/testimony designated "Confidential,"

13   except for those materials which in the reasonable, good faith judgment of counsel

14   constitute attorney work product.  Notwithstanding the foregoing, the parties shall retain

15   and not destroy materials the destruction of which would violate the law.

16          10.    If a party or its counsel inadvertently permits the production or disclosure of

17   documents or testimony containing Confidential Information without first designating it

18   Confidential in accordance with this protective order, that party or its counsel may

19   thereafter designate the material as Confidential by identifying the specific

20   document/testimony in a letter to opposing counsel and at that time designating it as

21   Confidential.  From the date of receipt of any such letter, the party/counsel which has

22   received the document/testimony shall treat it as confidential in accordance with the terms

23   of this protective order, subject to further direction from the Court.

24          11.    The obligations of confidentiality contained in this protective order shall

25   remain effective indefinitely following the termination of the action and the Court shall

26   retain jurisdiction to enforce all provisions of this order as well as to remedy any violation

27   of it.  In addition, the Court shall at all times have jurisdiction to resolve any dispute which

28   may arise under the terms of this protective order upon a regularly noticed motion,

STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON

1  including but not limited to, issues concerning whether some document, testimony or

2  information has been improperly designated as confidential.

3       12.    The designation of any document, information or testimony as confidential

4  shall not be construed as an admission of relevance, status as a business record or

5  admissibility.  This order may only be introduced into evidence by a party in connection

6  with a motion or other proceeding to enforce the terms of, secure relief from, or obtain

7  clarification of this order.

8  Dated: ~~June~~ July 3, 2009.

9

10                  THE LEMMER LAW FIRM
                DON S. LEMMER

11                  By _____

12                  Attorneys for Plaintiff

13                  HARMIK SARIAN

14  Dated: ~~June~~ July 7, 2009.

15                  PILLSBURY WINTHROP SHAW PITTMAN LLP
                ANTHONY R. DELLING

16

17                  By _____

18

19                  Attorneys for Defendants
                XEROX CORPORATION and MARK

20                  GESLICKI

21

22                  <u>ORDER</u>

23  Good cause appearing, it is so ordered.

24

25  Dated: _____ 7/16 _____, 2009

26

27  **KEVIN C. BRAZILE**
           _____

28             Kevin C. Brazile
           Judge of the Superior Court

600811536v1

STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON

## CONFIDENTIALITY ACKNOWLEDGEMENT

I certify that I have carefully read and fully understand the attached stipulated protective order. I certify that I will at all times fully comply with that protective order with respect to all documents, information and testimony designated confidential which I receive, see or obtain. Therefore, I will not disclose, show or divulge any materials or information designated as confidential to any person or entity other than those persons specified in paragraph 5 of the protective order and will use those materials/information only in connection with the prosecution or defense of the above referenced lawsuit. In addition, within sixty (60) days after the final resolution of this action, I will return all materials designated confidential, along with any and all copies, abstracts and summaries of such materials, to counsel for the person or entity who produced such materials or alternatively will destroy all such materials.

I make this certification under penalty of perjury of the laws of the state of California.

Dated: _____

_____

STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON

1                       Docket No. _____

2                   PROOF OF SERVICE BY MAIL

3       I, the undersigned, hereby declare as follows:

4          1.     I am over the age of 18 years and am not a party to the within cause.  I am

5 employed by Pillsbury Winthrop Shaw Pittman LLP in the City of Los Angeles, California.

6          2.     My business address is 725 South Figueroa Street, Suite 2800, Los Angeles,

7 CA 90017-5406.

8          3.     I am familiar with Pillsbury Winthrop Shaw Pittman LLP's practice for

9 collection and processing of correspondence for mailing with the United States Postal

10 Service; in the ordinary course of business, correspondence placed in interoffice mail is

11 deposited with the United States Postal Service with first class postage thereon fully

12 prepaid on the same day it is placed for collection and mailing.

13          4.     On December 8, 2009, at 725 South Figueroa Street, Los Angeles,

14 California, I served a true copy of the attached document(s) titled exactly <u>NOTICE OF</u>

15 <u>REMOVAL OF CIVIL ACTION</u> by placing it in an addressed, sealed envelope clearly

16 labeled to identify the person being served at the address shown below and placed in

17 interoffice mail for collection and deposit in the United States Postal Service on that date

18 following ordinary business practices:

19                     Don S. Lemmer, Esq.
                       The Lemmer Law Firm

20            330 North Brand Boulevard, Suite 702
                   Glendale, CA  91203

21

22       I declare under penalty of perjury that the foregoing is true and correct.  Executed

23 this 8th day of December, 2009, at Los Angeles, California.

24

25

26                                Vicki L. Johnson

27

28

601031003v1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV09- 9006 GW (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS  Harmik Sarian | DEFENDANTS  Xerox Corporation |
|---|---|
| (b) County of Residence of First Listed Plaintiff  Los Angeles<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Don S. Lemmer, Esq., The Lemmer Law Firm<br>330 N. Brand Boulevard, Suite 702, Glendale, CA 91203<br>Telephone: (818) 507-1053; Facsimile: (818) 507-1252 | Attorneys (If Known)<br>Anthony R. Delling, Esq., Pillsbury Winthrop Shaw Pittman LLP<br>725 S. Figueroa Street, SUite 2800, Los Angeles, CA 90017-5406<br>Telephone: (213) 488-7575; Facsimile: (213) 629-1033 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus - Alien Detainee<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Removal based on diversity jurisdiction under 28 U.S.C. section 1332

Brief description of cause:
Plaintiff alleges wrongful termination in breach of contract.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY  None.

(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE  12/08/2009

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Connecticut |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date _____

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |